**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **Bankruptcy No. 21-70369-JAD** |
| **MARGARET M. JAGER, a/k/a Margaret M. Verhagen,** | ) | |
| | ) | **Chapter 13** |
| **Debtor.** | ) | |
| | X | **Related to ECF No. 35** |
| **INFIRST BANK,** | ) | |
| **Movant,** | ) | |
| **- v -** | ) | |
| **MARGARET M. JAGER, a/k/a Margaret M. Verhagen, ROBERT W. JAGER, CO-DEBTOR, and RONDA J. WINNECOUR, CHAPTER 13 TRUSTEE.** | ) | |
| **Respondents.** | ) | |
| | X | |

## MEMORANDUM OPINION

The matter before the Court is an Expedited Motion for Relief From Stay filed by InFirst Bank.[1] The Motion for Relief From Stay is a core proceeding over which this Court has the requisite subject-matter jurisdiction to enter final judgment. See 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A), 157(b)(2)(G), 157(b)(2)(O), and

[1] The motion is captioned as an "expedited" motion for relief from stay. However, inasmuch as Mr. & Mrs. Jager are self represented without the assistance of legal counsel, the Court did not schedule the hearing on this matter on an expedited basis. Rather, the matter was scheduled in the ordinary course (i.e., 25 days after the filing of the motion) to afford the respondents with ample time to frame a response. See 11 U.S.C. § 362(e)(1)(providing that the hearing should occur within 30 days of the filing of a motion for relief from stay).

1334(b).

There is no genuine dispute as to the material facts concerning the Motion for Relief From Stay, and the Court takes judicial notice of both the Court's docket and the admissions made by the parties. Oneida Motor Freight, Inc. v. United Jersey Bank (In re Oneida Motor Freight, Inc.), 848 F.2d 414, 416 n. 3 (3rd Cir.1988)(the historical record was sufficiently well developed to allow the bankruptcy court to draw the conclusions and inferences necessary to decide the contested matter); Nantucket Investors II v. Cal. Fed. Bank (In re Indian Palms Assoc. Ltd.), 61 F.3d 197, 205 (3rd Cir. 1995)(in a contested matter the bankruptcy court may take judicial notice of documents in the court's file confirming facts not in genuine dispute; or may take judicial notice to confirm that a specific document was filed, that a party took a certain position, that certain judicial findings were made or that a party made certain admissions).

The gist of the Motion for Relief From Stay is that InFirst Bank contends that it effectively foreclosed upon its collateral, consisting of real property located at 1181 Pleasant Valley Road, Woodland, PA (Tax Parcel Nos. 1060-M07-000-00074 and 1060-M07-000-00060)(collectively, the "Property").

The chronology of events is that the instant bankruptcy case was commenced by Margaret M. Jager filing a voluntary petition for relief under chapter 13 of the United States Bankruptcy Code on September 17, 2021. See ECF No. 1.

The bankruptcy filing *sub judice* is not the first bankruptcy case filed by Mrs. Jager or her husband Robert W. Jager (collectively, "Mr. & Mrs. Jager"). The record reflects that Mr. & Mrs. Jager previously filed a bankruptcy case in this District at Case No.18-70541-JAD. This prior bankruptcy case was dismissed with prejudice because the debtors failed to remediate environmental issues with respect to the Property, failed to comply with orders of the Court, and failed to propose a feasible and confirmable plan of reorganization. See Jager v. InFirst Bank (In re Jager), 609 B.R. 156 (Bankr. W.D. Pa. 2019).

Parenthetically, the Court further observes that dismissal of the prior case occurred after the Court had granted InFirst Bank relief from the automatic stay so that it may foreclose its lien interest against the Property. See InFirst Bank v. Jager (In re Jager), 597 B.R. 796 (Bankr. W.D. Pa. 2019), appeal dismissed, Civil Action No. 3:19-cv-42, 2019 WL 6616304 (W.D. Pa. 2019).

InFirst Bank thus proceeded to execute on a judgment it had obtained at Case No. 2015-936-CD in the Court of Common Pleas of Clearfield County, Pennsylvania. See *Response to the Expedited Motion for Relief From the Automatic Stay and Co-Debtor Stay filed by Debtor Margaret M. Jager*, ECF Nos. 49 and 52, at para. 8. Thereafter, and before the filing of the instant bankruptcy case, a sheriff sale of the Property occurred on December 15, 2019, and a sheriff's deed was recorded with the Clearfield County Recorder of Deeds on February 20, 2020 at Instrument No. 202001934, effectively granting title to the Property to InFirst

Bank. Id. at para. 9.

Mr. & Mrs. Jager then refused to vacate the Property and ejectment proceedings were filed by InFirst Bank against Mr. & Mrs. Jager in the Court of Common Pleas of Clearfield County, Pennsylvania.

On September 8, 2021, which was nine (9) days before this bankruptcy case was commenced, the state court conducted a trial in the ejectment action. Unbeknownst to both InFirst Bank and the state court, Mrs. Jager filed her chapter 13 bankruptcy case on September 17, 2021, which was before the state court reduced its decision to writing.

Accordingly, without knowledge of the commencement of the bankruptcy case, on September 24, 2021 the state court entered a judgment in favor of InFirst Bank and against Mr. & Mrs. Jager thereby granting possession of the Property to InFirst Bank.

Subsequently, on October 13, 2021, Mrs. Jager's bankruptcy case was dismissed without prejudice for failure to file requisite documents as required by the Bankruptcy Code, Rules, and Local Rules of Court. See ECF No. 10.[2]

---

[2] Simply put, the Debtor failed to send the necessary documents to complete her Petition timely. The Debtor was issued a Notice of Filing Deficiencies (the "Notice") on the date she filed her Petition (i.e., September 17, 2021). See ECF No 2. The Notice required the missing documents be filed on or before October 1, 2021 and warned that the case would be dismissed of they were not timely filed. The Debtor failed to timely file the necessary documents and the case was dismissed on October 13, 2021. The Debtor thereafter called the Clerk's Office, and she contended that she allegedly mailed the documents to an incorrect address (i.e., the Chapter 13 Trustee's Office). The Debtor's call to the Clerk's Office wasn't until October 12, well past the Notice due date. The Clerk's Office contacted the Chapter 13 Trustee's Office, and they had no record of receiving the documents. The Clerk's Office then instructed the Debtor to submit the documents through the what is known as the "EDSS" system. The Debtor only submitted the documents via EDSS after the case had already been dismissed on October 13, 2021. With

(continued...)

Following the dismissal, InFirst Bank requested that the state court reissue its judgment for possession, which the state court did on October 26, 2021.

Desiring to continue with this bankruptcy case, Mrs. Jager sought to have this bankruptcy case reinstated by way of letter motion filed on November 15, 2021. See ECF No. 32. Mrs. Jager's motion was provisionally granted on that same date, see ECF No. 33, because Mrs. Jager had partially completed her bankruptcy filing, albeit after the deadlines imposed by the rules and order of the Court. See ECF Nos. 1 and 3 (setting forth deadlines to file the requisite documents). The Court ultimately granted the motion to reinstate and vacated the dismissal order on November 23, 2021. See ECF No. 42.

Of course, the dismissal of the bankruptcy case caused the automatic stay to be terminated as a matter of law, see 11 U.S.C. § 362(c), and the provisional reinstatement of the case did not result in a retroactive or *nunc pro tunc* reinstatement of the automatic stay during the gap period between dismissal and provisional reinstatement. See Laurel Valley Dev., LLC. v. Parker (In re Parker), 624 B.R. 222 (Bankr. W.D. Pa. 2021).

After the letter motion of Mrs. Jager was provisionally granted, InFirst filed

---

[2](...continued)
respect to the Debtor's allegations as to the Chapter 13 Trustee's office, the Chapter 13 Trustee's office will forward any misdirected mail to the Clerk's Office if that mail is addressed to the Court or Clerk. However, if the mail was addressed to the Chapter 13 Trustee (or alternatively appears to be a mere carbon copy of something filed with the Court) the Chapter 13 Trustee's practice is to discard/shred those documents. The Chapter 13 Trustee's office has not produced any record of documents received and never forwarded any documents purportedly from Mr. & Mrs Jager to the Clerk's Office. Regardless, these facts are of no moment because pursuant to the discussion above, InFirst Bank is entitled to an annulment of the automatic stay because the "hammer fell" at the pre-bankruptcy sheriff's sale in December 15, 2019.

the instant Motion for Relief From Stay on November 19, 2021. See ECF No. 35. Because the letter motion was ultimately granted, the Motion for Relief From Stay remained a case or controversy ripe for adjudication.

The Court held a hearing on December 14, 2021 on the Motion for Relief From Stay, and duly considered the arguments and record presented by the parties in this case. Based on this record, the Court concludes that the Motion for Relief From Stay has merit.[3]

As a legal matter, the judicial sale to InFirst which occurred prior to the bankruptcy petition filing date divested Mr. & Mrs. Jager of their equitable interest in the subject Property. Courts have held under Pennsylvania law that the purchaser of real property at a sheriff's sale acquires a vested equitable interest in the property "at the fall of the auctioneer's hammer." Chase Manhattan Bank v. Pulcini (In re Pulcini), 261 B.R. 836, 840 (Bankr. W.D. Pa. 2001)(quoting Butler v. Lomas & Nettleton Co., 862 F.2d 1015, 1019 (3rd Cir. 1988)); JP Morgan Chase Bank v. Rocco et al. (In re Rocco), 319 B.R. 411, 414 (Bankr. W.D. Pa. 2005); see also Pa. Co. for Insurances on Lives & Granting Annuities v. Broad Street Hospital, 47 A.2d 281, 283 (Pa. 1946).

The undisputed record reflects that the sheriff sale of the Property occurred on December 15, 2019, and the sheriff's deed involving the Property was recorded

---

[3] At the hearing, Mr. & Mrs. Jager did not dispute the procedural posture of the case, including the posture of the state court litigation before the Court of Common Pleas of Clearfield County, Pennsylvania. Rather, Mr. Jager (speaking on behalf of himself and his wife), re-hashed many of the grievances set forth in their prior bankruptcy case, and contended that the debtors and InFirst Bank could not work out any satisfactory payment arrangements.

on February 20, 2020. The timing of the execution and delivery of the deed in this case is not material to the outcome of this case because the Third Circuit Court of Appeals observed that "the effective date of the [sheriff's] deed is . . . the date of the [s]heriff's sale." Butler, 862 F.2d at 1019 n. 6 (citing Pa. Co. for Insurances, supra.); accord Rocco, 319 B.R. at 414 and Davis v. SunTrust Mortg., Inc. (In re Davis), 281 B.R. 626, 633 (Bankr. W.D. Pa. 2002). Thus, prior to the bankruptcy filing InFirst Bank obtained title to the Property. And, under best case scenario, Mr. & Mrs. Jager merely had a possessory interest when the instant bankruptcy case was commenced (i.e., assuming a*rguendo* that the judgment for possession is voidable for being violative of the automatic stay).

The case law addressing mere possessory interests in bankruptcy in the pre-bankruptcy sheriff sale or pre-bankruptcy judicial sale context is quite developed. One court summarized it as follows:

> Although the debtor currently is in possession of the . . . realty, possession by a debtor alone, without any right of ownership or contractual right to possession, is not protected to any great degree by the bankruptcy stay. Relief from the stay is typically granted to the owner, or a secured creditor of the owner, when the debtor has no right to possession. See In re Moore & White Co., Inc., 83 B.R. 277, 281 (Bankr.E.D.Pa.1988). Embedded in the concept of "cause" for relief from the bankruptcy stay is the issue of whether there is some legitimate purpose to be served in bankruptcy by keeping the debtor in possession. See generally First National Fidelity Corp. v. Perry, 945 F.2d 61 (3d Cir.1991) (mortgagee properly granted relief from stay when chapter 13 filing occurred after foreclosure judgment because, under bankruptcy law in effect at

> that time, the debtor/homeowner was unable to use chapter 13 to cure the mortgage default); In re Halley, 70 B.R. 283 (E.D.Pa.1987) (when mortgage loan matured prepetition, chapter 13 plan may not cure loan default and thus relief from the stay should be granted).
>
> If bankruptcy serves no legitimate purpose in retaining the debtor's possession, then the property owner should be granted relief from the stay to exercise its non-bankruptcy law rights to recover possession from the debtor. See, e.g. In re Moore, 267 B.R. 111, 117–18 (Bankr.E.D.Pa.2001). Thus, if a foreclosure sale takes place prepetition, a chapter 13 debtor has no right to cure or reinstate her mortgage under Pennsylvania law. See In re Brown, 75 B.R. 1009 (Bankr.E.D.Pa.1987); In re Rouse, 48 B.R. 236 (Bankr.E.D.Pa.1985). Nor, after such a sale, does she have any right to cure a prepetition mortgage default in a chapter 13 proceeding under federal bankruptcy law. 11 U.S.C. § 1322(c)(1). In such circumstances, *i.e.*, where a pre-bankruptcy sale has already occurred, courts have routinely held that relief from the bankruptcy stay generally is appropriate so the buyer may eject the debtor. See, e.g., In re Moore, 267 B.R. at 117–18; In re Belmonte, 240 B.R. 843, 854 (Bankr.E.D.Pa.1999) (when debtor's ownership interests in realty were terminated prepetition and the chapter 13 case cannot restore those rights, cause exists to terminate the bankruptcy stay), rev'd in part, 279 B.R. 812 (E.D.Pa.2001); In re Yorke, 1996 WL 509614, at *2 (Bankr.E.D.Pa.1996) ("Since the Debtor lacks title to her Home ... she cannot propose a viable plan to cure arrears on, or liquidate, that mortgage. Since she cannot confirm a plan achieving these ends, the Bank is entitled to relief, pursuant to 11 U.S.C. § 362(d)(1), on its Stay Motion"); In re Brown, 75 B.R. at 1009 (stay lifted when bankruptcy filed after foreclosure sale).

In re Dunlop, 378 B.R. 85, 92 (Bankr. E.D. Pa. 2007).

Accordingly, because the pre-bankruptcy sheriff's sale in this case was not subject to the automatic stay in the first instance, and because that sheriff's sale

divested Mr. & Mrs. Jager of their equitable interest in the Property, "cause" exists as a matter of fact and law pursuant to 11 U.S.C. § 362(d)(1) to grant InFirst Bank an annulment of the automatic stay to complete ejectment. See Pulcini, 261 B.R. at 841-42. The record also supports granting an annulment of the stay pursuant to 11 U.S.C. § 362(d)(2) because Mr. & Mrs. Jager's equitable interest in the Property was extinguished at the completion of the sheriff's sale, and because Mr. & Mrs. Jager have no right to cure a pre-petition default in these circumstances under 11 U.S.C. § 1322(c)(1).[4] In re Dunlop, 378 B.R. at 92.

For the reasons set forth above, the Court shall enter an Order which grants the Motion for Relief From Stay.

Date: December 14, 2021

sjk

The Honorable Jeffery A. Deller
United States Bankruptcy Judge

cc: Margaret M. Jager, Debtor
Robert W. Jager, Co-Debtor
Ronda J. Winnecour, Esq., Chapter 13 Trustee
William M. Buchanan, Esq., counsel to InFirst Bank

FILED
12/14/21 12:46 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

[4] Section 1322(c)(1) of the Bankruptcy Code affords a debtor the ability to cure a default of a lien obligation secured against the debtor's principal residence until "such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law[.]" See 11 U.S.C. § 1322(c)(1). The undisputed record is that the Property was sold to InFirst Bank at the sheriff's sale on December 15, 2019.